ACCEPTED
15-25-00197-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/21/2025 10:29 AM
CHRISTOPHER A. PRINE
CLERK

## IN THE FIFTEENTH COURT OF APPEALS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/21/2025 10:29:19 AM
CHRISTOPHER A. PRINE
Clerk

### NO. 15-25-00197-CV

### DOMINIQUE REED AND DAKOTA HILL, Appellants

### v.

### CYPRESS CREEK AT SOUTH CEDAR, Appellee

––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––

On Appeal from County Court at Law No. 1 of Bell County

Trial Court No. 25CCV01420

Hon. Paul A. Motz, Presiding

––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––––

### EMERGENCY MOTION FOR RECONSIDERATION OF NOVEMBER 19, 2025 ORDER AND MOTION TO REINSTATE APPELLATE STAY UNDER TEX. R. APP. P. 29.3 AND 24.4(c)

**TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT OF APPEALS:**

Appellants Dominique Reed and Dakota Hill ("Appellants") respectfully move for reconsideration of this Court's November 19, 2025 Order denying temporary relief and lifting the stay previously issued by the Third Court of Appeals, and further request reinstatement of the appellate stay under Texas Rules of Appellate Procedure 29.3 and 24.4(c).

## I. EMERGENCY BASIS

Execution of the writ of possession will result in Appellants' immediate homelessness (Exhibit I). Immediate relief is required to prevent irreparable harm and preserve the subject matter of this appeal, which is highly likely to succeed on jurisdictional grounds.

**II. GROUNDS FOR RECONSIDERATION**

A. Judicial Obstruction Renders Supersedeas Impossible (Tex. R. App. P. 24.4(c))

Reconsideration is warranted because the Court did not have before it the full record of Appellants' extraordinary efforts to perfect supersedeas.

Appellants have $10,493.33 available in the 146th Judicial District Court registry *(Exhibit A)* Appellant Reed's awarded 50% equity from the sale of her marital home *(Exhibits B, B-1)* which is more than sufficient to satisfy the required monthly registry rent for November 2025 and December 2025 and supersedeas bond required. The Appellee's assertion that Appellants "do not have the funds" is premature and demonstrably inaccurate.

The District Court's refusal to rule on any of Appellants' three timely emergency withdrawal motions (Exhibit C) and its subsequent scheduling of a hearing in December 2025, contingent on opposing counsel's agreement (Exhibit F), constitutes judicial obstruction. Appellants are entitled to relief under Tex. R. App. P. 24.4(c).

**B. Irreversible Harm Mandates Modification of Security (Tex. Civ. Prac. & Rem. Code § 52.006(c))**

The execution of the Writ would cause irreversible harm and mandates relief under Tex. Civ. Prac. & Rem. Code § 52.006(c), which requires the Court to modify or waive the bond requirement when compliance would cause substantial economic harm.

1. Execution of the Writ will result in immediate homelessness for Appellant and her minor child (see Exhibit I). The District Court's continued inaction has facilitated

post-separation financial abuse, directly connected to the ex-spouse's family violence deferred adjudication (see Exhibit G).

If the Writ is executed, Appellant will suffer life-threatening injury and financial ruin, as homelessness would occur for the second time within one year. This outcome is not only irreparable but also constitutes an abuse of process, undermining the protections afforded by the appellate stay and the equitable division of property ordered in the Final Decree of Divorce, The denial of access to equity exacerbates this crisis.

2. **Destruction of CVC Funds:** Appellee's bad faith filing, just 13 days after Appellants cured the issued "30 day Notice to Vacate June rent balance" using one-time, non-renewable Crime Victims Compensation (CVC) funds (Exhibit H), has destroyed Appellants' state-funded stabilization aid.

## C. High Likelihood of Success on Merits (Jurisdictional Defect)

Appellants have a high likelihood of success on the merits, which supports the immediate reinstatement of the stay under Tex. R. App. P. 29.3. The underlying eviction judgment is Jurisdictionally Void.

1. Appellants cured the prior default by paying $2,414.00 on August 9, 2025 (Exhibit H).
2. Appellee filed the eviction on August 21, 2025, for subsequent months (July-August) for which no valid 30-day Notice to Vacate was ever issued, in violation of Tex. Prop. Code (24.005.) Failure to issue the required notice is a jurisdictional prerequisite, rendering the County Court's judgment void and unenforceable.

**D. Judicial Abatement is Required to Preserve Appeal**

The District Court's deliberate delay and contingency on opposing counsel (Exhibit F) constitutes a refusal to rule with the necessary urgency. This Court must therefore issue an Order of Abatement under TRAP 29.5, compelling the 146th District Court to rule on Appellants' Emergency Motion for Withdrawal of Funds Instanter to prevent the imminent execution of the Writ.

**E. Appellants Have Acted Diligently at All Stages**

Appellants filed emergency motions beginning September 15, 2025 that was denied by District Court Judge and continuing filing Emergency Motions through November 19, 2025. They contacted clerks, corrected rejections, and provided clerk-certified proof of funds (Exhibit A). No delay, refusal, or failure is attributable to Appellants.

---

**III. PRAYER**

WHEREFORE, Appellants respectfully request that the Court:

1. Reconsider its November 19, 2025 Order;

2. Reinstate the appellate stay of the judgment and writ of possession;

3. Alternatively, grant a temporary stay and issue an Order of Abatement compelling the 146th District Court to rule on Appellants' Emergency Motion for Withdrawal of Funds Instanter;

4. Grant such other and further relief to which Appellants may be entitled.

Respectfully submitted,

/s/ Dominique Reed

Dominique Reed, Pro Se

/s/ Dakota Hill

Dakota Hill, Pro Se

---

**CERTIFICATE OF CONFERENCE**

I certify that I conferred by email with opposing counsel regarding the subject matter of this motion as required by Texas Rule of Appellate Procedure 10.1(a)(5). At this time, Appellants have received no response from opposing counsel regarding their position on this Emergency Motion.

/s/ Dominique Reed

Dominique Reed, Pro Se

/s/ Dakota Hill

Dakota Hill, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2025 , a true and correct copy of this EMERGENCY MOTION FOR RECONSIDERATION AND MOTION TO REINSTATE APPELLATE STAY was served via electronic filing upon all counsel of record for Appellee, CYPRESS CREEK AT SOUTH CEDAR, including Joshua Anderson and Richard Alexander Barclay, at their email addresses listed in the Appellee's filing.

/s/ Dominique Reed

Dominique Reed, Pro Se

/s/ Dakota Hill

Dakota Hill, Pro Se

**EXHIBIT A COVER SHEET**


**NO. 15-25-00197-CV**

**IN THE FIFTEENTH COURT OF APPEALS**

**AUSTIN, TEXAS**

DOMINIQUE REED AND DAKOTA HILL, Appellants

v.

CYPRESS CREEK AT SOUTH CEDAR, Appellee

---


# APPELLANTS' EXHIBIT A

## CLERK-CERTIFIED DOCUMENT SHOWING CURRENT DISTRICT REGISTRY BALANCE ($10,493.33- AVAILABLE FUNDS)

# Registry and Trust Transaction Detail

Location: **146th Judicial District Court**     Year Filed: **2023**   Case #: **23DFAM337543**     Court #:

On Behalf of:  HILL, CARL LEE     Birth Date:     SSN:

## Summary of Accounts

| Account # | Opened | Bank Name | Balance |
|---|---|---|---|
| Uninvested | 08/19/2025 | Registry Deposit | 10,493.33 |

**Original Amount:** $10,493.33

**Current Balance:** $10,493.33

# Registry and Trust Transaction Detail

Location: **146th Judicial District Court**          Year Filed: **2023**   Case #: **23DFAM337543**          Court #:

On Behalf of:   HILL, CARL LEE                          Birth Date:                          SSN:

Transactions on Account

Bank Account Name/Account #:   **Registry Deposit**

Original Amount: **$10,493.33**          Open Date: **08/19/2025**          Uninvested

Current Balance: **$10,493.33**                                            Close Date:

Interest:                          Matures:

| Ref # / Date | Check #/ Receipt # | Increases | Decreases | Balance | Description / Comments |
|---|---|---|---|---|---|
| 7833857 | | 10,493.33 | | $10,493.33 | Registry Deposit |
| 08/19/2025 | DC-2025-11587 | renfrowv | | | |

 
## RE: <EXTERNAL> Re: #23DFAM337543 court registry balance

1 message

**Veronica Renfrow** <Veronica.Renfrow@bellcounty.texas.gov>　　　　Tue, Nov 18, 2025 at 2:31 PM
To: Dominique Reed <domir1974@gmail.com>

Dear Ms. Reed,


It is standard procedure for registry deposits to be listed under the plaintiff's name for tracking purposes; however, this will not affect the disbursement of the funds. Any funds deposited into the court's registry can only be disbursed by a Bell County Court Order signed by a District Judge.


Sincerely,


Veronica Renfrow

Bell County Deputy Clerk

(254)933-5925

---

**From:** Dominique Reed <domir1974@gmail.com>
**Sent:** Tuesday, November 18, 2025 1:59 PM
**To:** Veronica Renfrow <Veronica.Renfrow@bellcounty.texas.gov>
**Subject:** <EXTERNAL> Re: #23DFAM337543 court registry balance

**EXTERNAL email: Exercise caution when opening.**

Hi Veronica,

Thank you for sending over the Registry Deposit information.

I reviewed the Registry Transaction Detail, confirming the $10,493.33 balance, but I noticed it is listed "On Behalf of: HILL, CARL LEE" (Plaintiff).

Could you please confirm whether, in Bell County courts, it is standard administrative procedure for registry deposits to be listed under the Plaintiff's name for tracking purposes, even when the funds relate to both parties in the case? A brief written clarification of this administrative practice would be very helpful.

I need to include this clarification today as an exhibit for an emergency filing in the Court of Appeals to prevent possible dismissal of my case. I would greatly appreciate it.

Thank you for your immediate attention.

Sincerely,

Dominique Reed, Pro Se

 Phone: 512-763-2003

Email: domir1974@gmail.com


On Tue, Nov 18, 2025 at 10:26 AM Veronica Renfrow <Veronica.Renfrow@bellcounty.texas.gov> wrote:

> Dominic,
>
> Pursuant your request, attached is the balance in the court's registry for the above-mentioned Bell County cause number.  If you have any questions, please feel free to contact me.
>
> Sincerely,
>
> Veronica Renfrow
>
> Bell County Deputy Clerk
>
> (254)933-5925

**EXHIBIT F COVER SHEET**

**NO. 15-25-00197-CV**

**IN THE FIFTEENTH COURT OF APPEALS**

**AUSTIN, TEXAS**

DOMINIQUE REED AND DAKOTA HILL, Appellants

v.

CYPRESS CREEK AT SOUTH CEDAR, Appellee

---

# APPELLANTS' EXHIBIT F

## EMAIL COMMUNICATION FROM DISTRICT COURT COORDINATOR (NOVEMBER 20, 2025)

 

**RE: <EXTERNAL> URGENT: Emergency Motion for Ruling – Imminent Writ of Possession (Cause No. 23DFAM337543)**

| | |
|---|---|
| **From** | Pearl Hernandez <Pearl.Hernandez@bellcounty.texas.gov> |
| **Date** | Thu 11/20/2025 4:52 PM |
| **To** | Dominique Reed <Dominique.AC.Reed@outlook.com> |
| **Cc** | Teresa Schiller <teresa@llslaw.com>; karen@llslaw.com <karen@llslaw.com> |

Good afternoon,

Judge requires a hearing for all the pleadings filed below. I can set them all on any of the available dates below for a hearing. And since there is an attorney of record for Mr. Hill, I have included her in this email as required to properly coordinate this hearing.
12/01
12/02
12/08 subject to jury trial
12/09 subject to jury trial
12/10 subject to jury trial
12/11 subject to jury trial
12/15 subject to jury trial
12/16 subject to jury trial
12/17 subject to jury trial
12/18 subject to jury trial

All on our 9am docket.

Please let me know which date is agreeable to all parties or if additional dates are needed.

Thank you kindly,



**Pearl Hernandez**

**146th District Court Coordinator**
1201 Huey Road
Belton, Texas 76513
(254) 933-6737

**ALL PARTIES MUST BE INCLUDED IN ANY CORRESPONDENCE WITH THE COURT.**
**ALL HEARINGS ARE IN PERSON.**
Please visit the Bell County website below to search court records and dates:
https://justice.bellcounty.texas.gov/PublicPortal/

**From:** Dominique Reed <Dominique.AC.Reed@outlook.com>
**Sent:** Thursday, November 20, 2025 4:42 PM
**To:** Pearl Hernandez <Pearl.Hernandez@bellcounty.texas.gov>
**Subject:** <EXTERNAL> URGENT: Emergency Motion for Ruling – Imminent Writ of Possession (Cause No. 23DFAM337543)

You don't often get email from dominique.ac.reed@outlook.com. Learn why this is important

**EXTERNAL email: Exercise caution when opening.**

Dear Mrs. Hernandez,

I am writing to respectfully and urgently request a ruling on my emergency motions pending in Cause No. 23DFAM337543, which remain unresolved despite having been first filed nearly a month ago:

1. Emergency Motion for Partial Withdrawal of Funds – filed October 24, 2025

2. Supplemental Emergency Motion – filed November 17, 2025

3. Notice of Adverse Appellate Ruling and Renewed Request for Emergency Order Instanter filed November 19, 2025

These motions concern funds being held in the Court's registry as part of a post-divorce proceeding. While the current eviction case is separate and not part of the divorce itself, the only source of funds available to me to satisfy the supersedeas bond and rent required in the eviction appeal is the money held in the registry of this Court.

The 146th District Court registry holds $10,493.33, which is more than sufficient to satisfy the appellate conditions of $7,176.00. I have taken every lawful and timely step to request a partial release of those funds to prevent irreparable harm. Unfortunately, no hearing has been set and no ruling has issued.

Because the Fifteenth Court of Appeals lifted the stay on November 19, 2025  while I was still waiting on a ruling from this Court a Writ of Possession is now imminent and may be executed within 24 hours. This will result in homelessness for my daughter and me, and place an eviction on our records despite the existence of a pending appeal and available funds.

I urgently request that the Court review and rule on the emergency motions. I am doing everything I can to comply with the law and protect my right to appeal, but I cannot do so unless I can access the funds already verified and held by this Court.

Please confirm receipt. I am available immediately for any clarification or documentation needed.

Sincerely,
Dominique Reed
Pro Se Litigant
P.O. Box 12108, MC068
Austin, TX 78711
(512) 763-2003
domir1974@gmail.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108326482
Filing Code Description: Motion for Emergency Relief - Exempt
Filing Description: EMERGENCY MOTION FOR RECONSIDERATION OF NOVEMBER 19, 2025 ORDER AND MOTION TO REINSTATE APPELLATE STAY UNDER TEX. R. APP. P. 29.3 AND 24.4(c)
Status as of 11/21/2025 10:54 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brooke Broderick | | broderick@hooverslovacek.com | 11/21/2025 10:29:19 AM | SENT |
| Alex Barclay | | barclay@hooverslovacek.com | 11/21/2025 10:29:19 AM | SENT |
| Dominique ACReed | | dominique.ac.reed@outlook.com | 11/21/2025 10:29:19 AM | SENT |
| Joshua Anderson | | janderson@hooverslovacek.com | 11/21/2025 10:29:19 AM | ERROR |